## SHIVERS v. SHIVERS et al.

1. Where a husband applies for and has set apart a homestead, his wife and minor children being named as beneficiaries, and where subsequently to the attainment of their majority by the minor beneficiaries a total divorce between the husband and wife is granted, the latter no longer has an interest in the property so set apart as a homestead, and can not maintain a suit to enjoin the sale of the property under a power contained in a security deed executed by the husband during the life of the homestead.

2. Where during the life of the homestead the wife brought a suit for alimony against the husband, and the jury found "that in furnishing a home for his wife Adolphus Shivers [the defendant] has and is doing all that he should do; therefore we find a verdict in favor of the defendant," this verdict did not have the effect of setting apart to the wife as alimony the house and lot in question, the same being a part of the property embraced in the homestead referred to above.

NOVEMBER 18, 1910.

Petition for injunction. Before Judge Littlejohn. Macon superior court. November 11, 1909.

*Hixon & Greer,* for plaintiff. *R. L. Greer,* for defendant.

BECK, J. Adaline Shivers brought her equitable petition against Perry, executor of the estate of Lofley, and against Adolphus Shivers, seeking to enjoin the sale of a certain lot of land by the said executor under a power of sale contained in a security deed, dated February 3, 1902, which had been executed by Adolphus Shivers to Lofley. In the petition it is shown that the land in controversy had been set aside, on December 26, 1896, as a homestead on application of Adolphus Shivers, and that petitioner and her three children were named beneficiaries therein. Prior to the bringing of this petition, by a decree granting a total divorce the matrimonial bonds between Adaline Shivers and Adolphus Shivers had been dissolved. Petitioner, prior to the granting of the decree of divorce, had brought suit against Adolphus Shivers for alimony; and upon the final trial of this suit Adolphus Shivers showed, as a reason why alimony should not be granted petitioner, that he was already furnishing her a house and a four-acre tract of land in the city of Oglethorpe, which had been duly set apart as a homestead, and which house and lot she was exclusively enjoying. Upon that trial the jury rendered a verdict finding that "in furnishing a home for his wife Adolphus Shivers has and is doing all that he should do; therefore we find a verdict in favor of the defendant." It is alleged, that the "reasonable intent and construction of said verdict was to

find by the said jury the continuous use of said house and lot as alimony;" that Perry, as executor, was not entitled to avail himself of the power of sale contained in the security deed executed to his testator; and that his attempt to sell under the power was a part of a collusive scheme between himself and Adolphus Shivers to dispossess petitioner of the property in controversy. Upon the interlocutory hearing the judge refused the injunction prayed, and his ruling is brought here for review.

The court below properly refused an injunction in this case. The petitioner failed to show such title to the property in controversy or interest therein as would authorize her to maintain a suit to enjoin the sale of the property under the power embraced in the security deed. Although the property had been set apart many years previously, upon application of one of the defendants, Adolphus Shivers, and in the homestead proceedings the petitioner was named as one of the beneficiaries, being the wife at that time of Adolphus Shivers (and the minor beneficiaries having all attained their majority before filing of this suit), after her divorce she ceased to be a member of his family, and the beneficial interest which she had in the homestead so long as she continued to be the wife of Adolphus Shivers ceased to exist. If, upon the trial of the suit for alimony referred to in the statement of facts, the jury had set apart to the petitioner as her alimony the property embraced in the homestead and involved in this suit, an entirely different question would be presented. But the mere showing in the record of a verdict in the terms set forth in the statement of facts did not authorize the court to hold or find that the property had been set apart or been allowed to Adaline Shivers as alimony. The verdict merely shows that no alimony was allowed to the wife, and the jury state as a reason therefor their finding "that in furnishing a home for his wife Adolphus Shivers is doing all that he should do."

<em>Judgment affirmed. All the Justices concur.</em>